IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Abrego Zarate,<br><br>　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　Respondents. | No. CV-25-03564-PHX-KML (MTM)<br><br>**ORDER** |

Petitioner filed a petition for writ of habeas corpus under § 2241. (Doc. 1.) Respondents[1] must show cause why the petition should not be granted.

**I.　Background**

Petitioner is a citizen of Mexico who entered the United States on May 18, 2003. (Doc. 1 at ¶ 18; Doc. 1-1 at 12.) Although it is unclear when he was detained by immigration authorities, he is currently detained at the Florence Correctional Center. (Doc. 1, Ex. 3.) Petitioner sought custody redetermination and, on August 19, 2025, his request was denied on the basis that the IJ lacked jurisdiction to grant petitioner bond because DHS classified him as being detained under § 1225(b)(2)(A) and therefore subject to mandatory detention. (Doc. 1, Ex. 1.)

A July 8, 2025 policy guidance memorandum issued by Acting ICE Director Todd

---

[1] Petitioner names United States Department of Homeland Security ("DHS") Secretary Kristi Noem; DHS, Immigrations and Customs Enforcement ("ICE") Acting Director Todd Lyons; ICE; ICE Phoenix Field Office Director John Cantu; Central Arizona Florence Correctional Complex Luis Rosa Jr.; and the Executive Office of Immigration Review as Respondents.

Lyons announced that DHS had revisited the government's legal position on detention and release authorities. Under this "revisited" legal position, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for admission. (Doc. 1 at ¶ 26 n.17.)

Petitioner filed the instant petition challenging his classification as an arriving alien under 8 U.S.C. § 1225(b)(2)(A) as violative of his substantive and procedural due process rights. Petitioner requests release from custody.

## II. Order to Show Cause

Another judge in this district recently granted a § 2241 petition on the basis that the petitioner, who had been present in the United States for years, was not an applicant for admission under § 1225(b)(2)(A) and, therefore, not subject to mandatory detention. *Francisco Echevarria v. Bondi*, CV-25-03252-PHX-DWL, 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025). The judge noted "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6. The judge concluded—in accord with numerous other courts addressing the same issue—"Respondents' narrow focus on the language of § 1225(a)(1) fails to take account of the entirety of the statutory scheme[]" and recent Supreme Court guidance. *Id.* at *9. *Echevarria* is persuasive and this court tentatively agrees with its conclusion that individuals like petitioner are subject to detention under § 1226, not § 1225(b)(2)(A). Based on petitioner's allegations, he entered this country in 2003 and has been living and working in the United States since that time. There is no present basis to determine petitioner was ever previously classified as an arriving alien subject to mandatory detention. Respondents must therefore show cause why the petition should not be granted.

In filing their response, respondents must address whether a decision by this court rejecting the reasoning of *Matter of Yajur Hurtado*, 29 I & N Dec. 216 (BIA 2025), would apply in petitioner's future immigration proceedings. In particular, respondents must state

whether ordering petitioner be provided a bond hearing would result in an immigration judge merely invoking *Matter of Yajur Hurtado* or similar reasoning when denying release.

### III. Motion for Temporary Restraining Order

On October 18, 2025, petitioner filed a motion for temporary restraining order. (Doc. 6.) The expedited briefing required by this order would be duplicative of the response and reply to petitioner's motion. Therefore, the motion for temporary restraining order is denied and the court will resolve the petition on its merits or call for additional filings once the briefing required by this order is complete.

**IT IS THEREFORE ORDERED:**

(1) Counsel for petitioner must immediately serve the petition upon respondents.

(2) If not already issued, the Clerk's Office must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(4) Respondents must show cause no later than **October 27, 2025** why the petition should not be granted. Petitioner may file a reply no later than **November 3, 2025**.

(5) The Motion for Temporary Restraining Order (Doc. 6) is **DENIED**.

Dated this 20th day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge