# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Abrego Zarate, | No. CV-25-03564-PHX-KML (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Defendants. | |

Petitioner filed a petition for writ of habeas corpus under § 2241 and complaint for injunctive and declaratory relief and, thereafter, a motion for temporary restraining order and preliminary injunction challenging his immigration detention.[1] (Docs. 1, 6.) In its October 20, 2025 order, the court ordered respondents to show cause ("the OSC") why the petition should not be granted. The OSC is fully briefed. (Docs. 10-11.) The petition is granted and respondents must either release petitioner from custody or provide a bond hearing within seven days.

## I.     Background

Petitioner is a citizen of Mexico who has lived in the United States since May 18, 2003. (Doc. 1, Ex. 2.) On July 16, 2025, federal officials arrested petitioner and he arrived at the Central Arizona Florence Correctional Complex on July 23, 2025. (Doc. 10 at 2-3.) Petitioner's request for custody redetermination was denied on August 19, 2025. (Doc. 1, Ex. 1.) The immigration judge denied the request on the basis that he lacked jurisdiction to

---

[1] Petitioner paid the filing fee for a habeas corpus action.

grant petitioner bond because the Department of Homeland Security (DHS) classified petitioner as being detained under § 1225(b)(2)(A) and therefore subject to mandatory detention. (*Id.* ¶ 21; Doc. 1-1 at 2-4.) The Immigration Judge's ruling followed a recent Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025). Under *Matter of Yajure Hurtado*, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed "applicant[s] for admission."[2]

Petitioner filed this action challenging his detention as violative of his substantive and procedural due process rights. (Doc. 1 at 14-15.) Petitioner requests release from custody or an order directing respondents to provide him a bond hearing.

**II.    Analysis**

Respondents maintain petitioner is subject to mandatory detention under "the plain language" of 8 U.S.C. § 1225(b)(2)(A) asserting that he is an "applicant for admission" because he is "alien present in the United States who ha[s] not been admitted." (Doc. 10 at 12.) But petitioner was placed in removal proceedings under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act as "[a]n alien present in the United States without having been admitted or paroled," and not as "an arriving alien" and applicant for admission under 8 U.S.C. § 1225(b). (Doc. 10 at 2-3; Doc. 10, Ex. A, Livingston Decl. ¶ 11.)

Respondents urge this court not to follow the recent decision in *Echevarria v. Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025), which granted a § 2241 petition on the basis that the petitioner, who had been present in the United States for years, was not an applicant for admission under § 1225(b)(2)(A) or subject to mandatory detention. In that ruling, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in

___
[2] The court directed respondents to address whether the immigration judge would comply with the court's ruling on the applicability of § 1226 if the court rejected respondents' position. Respondents indicated the immigration judge would comply with the court's ruling and not merely invoke *Matter of Yajure Hurtado* as a means to deny bond to petitioner. (Doc. 10 at 9.)

time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at \*6. Judge Lanza concluded that—in accord with numerous other courts addressing the same issue— "Respondents' narrow focus on the language of § 1225(a)(1) fails to take account of the entirety of the statutory scheme[]" and recent Supreme Court guidance. *Id.* at \*9.

The court agrees with Judge Lanza's analysis despite respondents identifying two district courts that have instead adopted their preferred interpretation. *Vargas Lopez v. Trump, et al.*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025). But *Vargas Lopez* and *Chavez* are two outliers with dozens of other district courts having concluded individuals like petitioner are subject to § 1226 and not § 1225.[3] That is, the great weigh of authority is that individuals like petitioner are not subject to mandatory detention. This court agrees with the majority view. For these reasons, the petition is granted, and petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).[4]

/

/

/

/

/

/

/

/

/

/

/

/

/

---

[3] *See Capote v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 25-13128, 2025 WL 3089756, at \*5 n.4 (E.D. Mich. Nov. 5, 2025) (collecting cases).
[4] Because the court grants relief under petitioner's second claim for relief, it will deny the remainder of the petition as moot.

Accordingly,

**IT IS THEREFORE ORDERED:**

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted** as to his second claim for relief. The petition is otherwise denied without prejudice as moot.

2. Respondents must provide petitioner a bond redetermination hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025), within **seven days** or otherwise release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **three days** of releasing petitioner or providing him a bond hearing.

4. The clerk shall enter judgment in petitioner's favor and close this case.

Dated this 6th day of November, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 4 -